UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARL WICHELMAN, ET AL., | No. 2:14-cv-1075 KJM AC PS |
| Plaintiffs, | |
| v. | <u>ORDER</u> |
| SACRAMENTO HOUSING & REDEVELOPMENT AGENCY, ET AL., | |
| Defendants. | |

Plaintiffs, proceeding in this action pro se, have requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

Plaintiffs have submitted the affidavit required by § 1915(a) showing that they are unable to prepay fees and costs or give security for them. Accordingly, the requests to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.

4      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

9  this standard, the court must accept as true the allegations of the complaint in question, Hospital

10  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

11  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

12  McKeithen, 395 U.S. 411, 421 (1969).

13      The court finds the allegations in plaintiffs' complaint so vague and conclusory that it is

14  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

15  court has determined that the complaint does not contain a short and plain statement as required

16  by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading

17  policy, a complaint must give fair notice and state the elements of the claim plainly and

18  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiffs

19  must allege with at least some degree of particularity overt acts which defendants engaged in that

20  support their claim.  Id.  Because plaintiffs have failed to comply with the requirements of

21  Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will,

22  however, grant leave to file an amended complaint.

23      If plaintiffs choose to amend the complaint, plaintiffs must set forth the jurisdictional

24  grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiffs

25  must demonstrate how the conduct complained of has resulted in a deprivation of plaintiffs'

26  federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in

27  specific terms how each named defendant is involved.  There can be no liability under § 1983

28  unless there is some affirmative link between a defendant's actions and the claimed deprivation.

1  Rizzo v. Goode, 423 U.S. 362 (9176); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
2  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
3        In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order
4  to make plaintiffs' amended complaint complete.  Local Rule 15-220 requires that an amended
5  complaint be complete in itself without reference to any prior pleading.  This is because, as a
6  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiffs file an amended complaint, the original pleading no
8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
10       In accordance with the above, IT IS HEREBY ORDERED that:
11       1.  Plaintiffs' applications to proceed in forma pauperis (ECF Nos. 2-3) are granted;
12       2.  Plaintiffs' complaint is dismissed; and
13       3  Plaintiffs are granted thirty days from the date of service of this order to file an
14 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
15 and the Local Rules of Practice; the amended complaint must bear the docket number assigned
16 this case and must be labeled "Amended Complaint"; plaintiffs must file an original and two
17 copies of the amended complaint; failure to file an amended complaint in accordance with this
18 order will result in a recommendation that this action be dismissed.
19 DATED: July 2, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE