1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WICHELMAN, ET AL.,                          No.  2:14-cv-1075-KJM-AC

12              Plaintiff,

13        v.                                      ORDER

14   SACRAMENTO HOUSING &
     REDEVELOPMENT AGENCY, ET AL.,
15
              Defendants.
16

17        Plaintiff Karl Wichelman ("Plaintiff Wichelman") has filed a motion for an extension of

18   time to file an amended complaint that includes a request that the Court waive PACER's usual

19   fees.  The Court grants plaintiffs' motion in part for the reasons stated below.

20                          PROCEDURAL BACKGROUND

21        On April 30, 2014, plaintiffs filed a complaint against the Sacramento Housing &

22   Redevelopment Agency ("SHRA"), the Groves at Manzanita Apartments, Kandace Gusman, and

23   Gary Fidler for violations of their First, Fourth, and Fourteenth Amendment rights under 42

24   U.S.C. § 1983.  ECF No. 1.  Plaintiffs then filed motions to proceed in forma pauperis on April

25   30 and May 14, 2014.  ECF No. 2, 3.  On July 2, 2014, the Court granted both plaintiffs' motions

26   and dismissed plaintiffs' claims with instructions to file an amended complaint within 30 days.

27   ECF No. 4.  On August 14, 2014, the Court recommended that plaintiffs' claims be dismissed

28   without prejudice for failure to file an amended complaint in a timely manner.  ECF No. 5.  On

1    August 19, 2014, the Court's August 14, 2014, Findings and Recommendations ("Findings and

2    Recommendations") were returned to it with a new address on the return label and a notation that

3    the forward time had expired.  On August 20, 2014, the Court served its Findings and

4    Recommendations by mail to the address specified on the return label.  On August 22, 2014,

5    Plaintiff Wichelman promptly responded with a motion for an extension of time to file an

6    amended complaint that included a request that the Court waive PACER's usual fees.  ECF No. 6.

7                                          DISCUSSION

8            Plaintiff Wichelman asks the Court to grant him an extension to file an amended

9    complaint.  The Court may accept a late filing when the moving party's failure to meet the

10   deadline was the result of "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Further, it is within

11   the Court's discretion to determine whether to grant an extension of time.  See Ahanchian v.

12   Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir. 2012).  It seems that plaintiffs did not initially

13   receive the Court's August 14, 2014, Findings and Recommendations because of a change in

14   address.  Once plaintiffs received the Court's Findings and Recommendations they promptly

15   responded with a request for an extension.  The reason for plaintiffs' failure to file a timely

16   amended complaint now being apparent, the Court will vacate its recommendation to dismiss

17   plaintiffs' claims and grant Plaintiff Wichelman's motion for an extension of 60 days.

18           Plaintiff Wichelman also requests that the Court waive PACER's usual fees.  Plaintiff has

19   not made a showing that his PACER fees should be waived.  Exemptions from PACER user fees

20   are uncommon.  In forma pauperis status alone does not support a request to waive PACER fees.

21   All parties and attorneys of record receive one free electronic copy of documents filed with the

22   court if they are registered with the court's CM/ECF system.  If not, a party will receive a copy of

23   all orders and filed documents via mail.  Further, if plaintiff chooses to access court records

24   through PACER, the fee is a modest $0.10 per page retrieved, and the charge for any single

25   document has a cap of $3.00 which is equivalent to 30 pages.  In light of these procedures, which

26   provide reasonable access, plaintiff has not justified the waiver of PACER fees.

27           Accordingly, IT IS HEREBY ORDERED that

28           1.      The August 14, 2014, Findings and Recommendations (ECF No. 5) are vacated;

                                              2

2.      Plaintiff's request for a 60 day extension to file an amended complaint (ECF No. 6) is granted; and

3.      Plaintiff's request to waive PACER fees (ECF No. 6) is denied.

DATED: September 3, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE