1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KARL WICHELMAN, et al.,                         No.  2:14-cv-01075-KJM-AC

12              Plaintiffs,

13         v.                                          FINDINGS & RECOMMENDATIONS

14    SACRAMENTO HOUSING AND
      REDEVELOPMENT AGENCY, et al.,
15
                Defendants.
16

17

18          Plaintiffs are proceeding in this action in pro per.  On April 30, 2014, plaintiffs filed a

19    complaint against the Sacramento Housing & Redevelopment Agency ("SHRA"), the Groves at

20    Manzanita Apartments, Kandace Gusman, and Gary Fidler for violations of their First, Fourth,

21    and Fourteenth Amendment rights under 42 U.S.C. § 1983.  ECF No. 1.  Plaintiffs then filed

22    motions to proceed in forma pauperis on April 30 and May 14, 2014.  ECF No. 2, 3.  On July 2,

23    2014, the court granted both plaintiffs' motions and dismissed plaintiffs' claims with instructions

24    to file an amended complaint within 30 days.  ECF No. 4.  No amended complaint was filed, and

25    on August 14, 2014, the court recommended that plaintiffs' claims be dismissed without prejudice

26    for failure to file a timely amended complaint.  ECF No. 5.

27          On August 22, 2014, Plaintiff Wichelman filed a motion for a 60-day extension of time to

28    file an amended complaint.  ECF No. 6.  The court granted Plaintiff Wichelman's request and

                                                    1

1   vacated its August 14, 2014, findings and recommendations on September 4, 2014.  ECF No. 7.

2   Again, no amended complaint was filed.  On November 7, 2014, the court ordered plaintiffs to

3   show cause within fourteen (14) days why their claims should not be dismissed for failure to

4   prosecute.  ECF No. 8.  Plaintiffs' have yet to respond to the court's order.

5         Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action

6   for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to

7   comply with the court's local rules, or failure to comply with the court's orders.  See, e.g.,

8   Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte

9   to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest

10   Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant

11   to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply

12   with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260

13   (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

14   an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639,

15   642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when

16   habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.

17   See E.D. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any

18   order of the Court may be grounds for imposition by the Court of any and all sanctions authorized

19   by statute or Rule or within the inherent power of the Court."); E.D. Local Rule 183(a) (providing

20   that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local

21   Rules, and other applicable law may support, among other things, dismissal of that party's

22   action).

23         A court must weigh five factors in determining whether to dismiss a case for failure to

24   prosecute, failure to comply with a court order, or failure to comply with a district court's local

25   rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

26
27        (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.
28

1    <u>Id.</u> at 1260-61; <u>accord</u> <u>Pagtalunan</u>, 291 F.3d at 642-43; <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir.

2    1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that

3    "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

4    way for a district judge to think about what to do."  <u>In re Phenylpropanolamine (PPA) Prods.</u>

5    <u>Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006).

6          Although involuntary dismissal can be a harsh remedy, on balance the five relevant

7    factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal

8    of this action.  Plaintiffs' failure to serve defendants and to respond to this court's order strongly

9    suggests that plaintiffs have abandoned this action or are not interested in seriously prosecuting it.

10    <u>See, e.g.</u>, <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in

11    expeditious resolution of litigation always favors dismissal.").  Any further time spent by the

12    court on this case, which plaintiffs have demonstrated a lack of any serious intention to pursue,

13    will consume scarce judicial resources and take away from other active cases.  <u>See</u> <u>Ferdik</u>, 963

14    F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without

15    being subject to noncompliant litigants).

16          In addition, the third factor, which considers prejudice to a defendant, should be given

17    some weight.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1262.  Although the court's docket does not reflect that a

18    complaint has been served upon defendants, defendants remain named in a lawsuit.  It is difficult

19    to quantify the prejudice suffered by defendants here; however, it is enough that defendants have

20    been named in a lawsuit that plaintiffs have effectively abandoned.  At a minimum, defendants

21    have been prevented from attempting to resolve this case on the merits by plaintiffs' unreasonable

22    delay in prosecuting this action.  Unreasonable delay is presumed to be prejudicial.  <u>See, e.g.</u>, <u>In</u>

23    <u>re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d at 1227.

24          The fifth factor, which considers the availability of less drastic measures, also supports

25    dismissal of this action.  The court has actually pursued remedies that are less drastic than a

26    recommendation of dismissal, including providing plaintiffs with additional time to file an

27    amended complaint.  <u>See</u> <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 132 (9th Cir. 1987)

28    ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives

1    before employing the ultimate sanction of dismissal."), cert. denied, 488 U.S. 819 (1988).  The

2    court also provided plaintiffs with the opportunity to remedy their failure to file an amended

3    complaint.  Having failed to receive a response from plaintiffs, the court finds no suitable

4    alternative to a recommendation for dismissal of this action.

5         The court also recognizes the importance of giving due weight to the fourth factor, which

6    addresses the public policy favoring disposition of cases on the merits.  However, for the reasons

7    set forth above, factors one, two, three, and five strongly support a recommendation of dismissal

8    of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where

9    at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

10   Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

11   omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

12   public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

13        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with

14   prejudice pursuant to Federal Rule of Civil Procedure 41(b) and 4(m) and Local Rules 110 and

15   183(a).

16        These findings and recommendations are submitted to the United States District Judge

17   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

18   after being served with these findings and recommendations, any party may file written

19   objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); see also E.D.

20   Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's

21   Findings and Recommendations."  Any response to the objections shall be filed with the court

22   and served on all parties within fourteen days after service of the objections.  E.D. Local Rule

23   304(d).  Failure to file objections within the specified time may waive the right to appeal the

24   ////

25   ////

26   ////

27   ////

28   ////

4

1   District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst,

2   951 F.2d 1153, 1156-57 (9th Cir. 1991).

3   DATED: November 24, 2014

4   
ALLISON CLAIRE
5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28